# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONTA TOWNSEND, | ) | CIVIL ACTION NO. 3:14-267 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| COAST TO COAST CELLULAR, INC., | ) | |
| J. WILLIAM RINER, and SAUL | ) | |
| GLOSSER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**I.      Introduction**

This case arises from an employment dispute, in which Plaintiff claims he is owed damages from unpaid salary wages, unauthorized withdrawals from his paychecks, unpaid sick and vacation days, and unpaid bonuses. Presently before the Court is Defendants' motion to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Defendants contend that this Court does not have the authority to address Plaintiff's claims because Plaintiff has not adequately established the amount in controversy required for diversity jurisdiction. For the reasons stated below, the Court will **DENY** Defendants' motion to dismiss the complaint, because Plaintiff has sufficiently alleged the jurisdictional amount in controversy.

**II.      Background**

Plaintiff initiated this action to recover damages arising from his employment with Coast to Coast Cellular, Inc. Plaintiff alleges the following facts in his amended complaint

(ECF No. 17), which the Court will accept as true for the sole purpose of deciding the pending motion to dismiss.

Plaintiff and Defendant Coast to Coast entered into an employment contract on November 28, 2008. (ECF No. 17 ¶ 11). Plaintiff began employment with Coast to Coast as a Chief Operations Officer and Senior Vice President on January 1, 2009. (*Id.* ¶ 14). Plaintiff's first term of employment commenced on January 1, 2009, and continued through December 31, 2011. (*Id.* ¶ 12). Thereafter, the term of employment would be automatically renewed from year to year unless one party gave the other party at least thirty days' written notice prior to the end of the term of that party's intention not to renew. (*Id.*). The employment contract provided for a base salary, to be paid in installments twice a month; an annual cash incentive bonus of a minimum of 5% of the net profit for each fiscal year; health care, dental, and vision benefits for Plaintiff and his family; five paid sick days per year; paid holidays; and twenty days of paid vacation. (*Id.* ¶ 13).

Following the expiration of the initial term of the employment contract on December 31, 2011, Plaintiff's employment term automatically renewed for the years 2012, 2013, and 2014. (*Id.* ¶ 15). At the beginning of 2014, Plaintiff's salary was $195,000. (*Id.* ¶ 16). In March 2014, however, Coast to Coast reduced Plaintiff's salary to $175,000. (*Id.* ¶ 17). Thereafter, on July 28, 2014, Defendant Riner wrote a letter to Plaintiff stating, "Your current term expires on December 31, 2014, and the Company hereby provides notice that your term of employment will not be renewed thereafter. As we discussed, your services will no longer be needed as of July 29, 2014, but, in accordance with the Agreement, the

Company will continue to pay you the base salary set forth in Section 3 of the Agreement through December 31, 2014." (*Id.* ¶ 18).

Plaintiff alleges the following with regard to payment of base salary, benefits, and bonuses that Defendant Coast to Coast owes Plaintiff under the terms of the employment contract: In July, August, September, and October 2014, Defendant Coast to Coast withheld various sums of money totaling $10,978.41 from Plaintiff's paychecks without authorization. (*Id.* ¶¶ 19-22). Defendant Coast to Coast did not pay Plaintiff any base salary from October 31, 2014, through December 31, 2014. (*Id.* ¶¶ 27-28). Defendant Coast to Coast has not paid Plaintiff $79,293.97 in incentive bonus pay to which he is entitled. (*Id.* ¶¶ 29-34). Defendant Coast to Coast owes Plaintiff compensation for three sick days and eight unused vacation days in the amount of $8,043.75. (*Id.* ¶ 35). Defendant Coast to Coast has not paid for health care, dental, or vision benefits for Plaintiff and his family from November 30, 2014, through December 31, 2014. (*Id.* ¶¶ 36-37).

Plaintiff filed a three-count complaint against Defendants on December 11, 2014, asserting Pennsylvania statutory and common law claims. (ECF No. 1). In response, Defendants filed a motion to dismiss (ECF No. 15)[1] the complaint, along with a brief (ECF No. 16) and exhibits in support (ECF No. 14), on the basis that this Court lacks subject

---

[1] The original motion and brief were docketed at ECF Nos. 12 and 13. However, on February 18, 2015, Defendants filed an errata at ECF Nos. 15 and 16 because the original documents were missing a signature requirement.

matter jurisdiction because Plaintiff has not sufficiently alleged the requisite jurisdictional amount in controversy to invoke this Court's diversity jurisdiction.

Plaintiff then filed an amended complaint against Defendants on February 19, 2015, asserting the same Pennsylvania statutory and common law claims as the original complaint. (ECF No. 17). In Count I, Plaintiff asserts a claim against Defendant Coast to Coast Cellular, Inc., for violation of Pennsylvania's Wage Payment and Collection Law. (*Id*. ¶¶ 40-48). In Count II, Plaintiff asserts a claim against Defendants J. William Riner and Saul Glosser for violation of Pennsylvania's Wage Payment an Collection Law. (*Id*. ¶¶ 49-53). In Count III, Plaintiff asserts a claim against Defendant Coast to Coast Cellular, Inc., for breach of contract. (*Id*. ¶¶ 54-60).

On March 9, 2015, Defendants filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(1), again arguing that the amended complaint fails to satisfy the jurisdictional amount in controversy requirement. (ECF No. 19-1). On March 27, 2015, Plaintiff filed a response in opposition to Defendants' motion to dismiss. (ECF No. 24). The parties have fully briefed the Court, and this matter is now ripe for adjudication.

**III.    Legal Standard for Subject Matter Jurisdiction**

Pursuant to 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Thus, in addition to requiring complete diversity of citizenship among the parties, the statute requires that the amount in controversy exceed $75,000 in order to invoke this Court's

diversity jurisdiction. *See Kosicki v. Nationstar Mortgage, LLC*, 947 F. Supp. 2d 546, 558 (W.D. Pa. 2013). Plaintiff bears the burden of showing that the amount in controversy exceeds $75,000. *Coregis Ins. Co. v. Schuster*, 127 F. Supp. 2d 683, 685 (E.D. Pa. 2001). While the Court should accept Plaintiffs' good faith allegation of the jurisdictional amount, "[o]nce a defendant has challenged the plaintiff's allegations regarding the amount in controversy, the plaintiff must produce sufficient evidence to justify its claims." *Nationwide Mut. Ins. Co. v. Brown*, 387 F. Supp. 2d 497, 498 (W.D. Pa. 2005) (citing *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F. 3d 538, 541 (3d Cir. 1995)).

Federal Rule of Civil Procedure 12(b)(1) governs a challenge concerning a court's subject matter jurisdiction. A Rule 12(b)(1) motion to dismiss addresses "the very power [of the court] to hear the case." *Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F. 2d 884, 891 (3d Cir. 1977)); *Frisell v. Grier Sch.*, No. 3:14-cv-13, 2015 U.S. Dist. LEXIS 10390 (W.D. Pa. Jan. 29, 2015). "As the party asserting jurisdiction, [the plaintiff] bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F. 3d 156, 158 (3d Cir. 1995). "In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true." *Stuler v. I.R.S.*, No. 2:12-cv-0391, 2012 WL 1893579, at *1 (W.D. Pa. May 24, 2012) (citing *Petruska v. Gannon Univ.*, 462 F. 3d 294, 302 (3d Cir. 2006)). On the other hand, "[i]n a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even

5

limited evidentiary hearings." *Id.* (citing *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F. 3d 506, 514 (3d Cir. 2007)); *see also Long v. Tommy Hilfiger U.S.A., Inc.*, No. 2:09-cv-1701, 2011 WL 635271, at *2 (W.D. Pa. Feb. 11, 2011). Here, Defendants assert a factual challenge to this Court's subject matter jurisdiction over Plaintiff's claim for damages.

The Court must determine the amount in controversy from the complaint itself. *Angus v. Shiley Inc.*, 989 F. 2d 142, 145 (3d Cir. 1993) (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961)). "In determining whether the claim in fact exceeds $75,000, exclusive of interests and costs, the court must assess 'the value of the rights being litigated,' or 'the value of the object of the litigation.'" *Coregis Ins. Co. v. Schuster*, 127 F. Supp. 2d 683, 686 (E.D. Pa. 2001) (quoting *Angus*, 989 F. 2d at 146). Thus, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F. 3d 538, 541 (3d Cir. 1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938)). "[W]hether the claims are for less than the jurisdictional amount depends on what damages a plaintiff could conceivably recover under state law." *Jayme v. MCI Corp.*, 328 F. App'x 768, 771 (3d Cir. 2008) (citing *Suber v. Chrysler Corp.*, 104 F. 3d 578, 584 (3d Cir. 1997)).

**IV.     Discussion**

Defendants argue that the amended complaint should be dismissed because this Court lacks subject matter jurisdiction.  Plaintiff attempts to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Plaintiff alleges that the diversity of citizenship requirement is met because Plaintiff is a citizen of Maryland while Defendants are all citizens of Pennsylvania.  (ECF No. 17 ¶ 2).  Defendants do not appear to contest this allegation.  Instead, Defendants contend that Plaintiff has failed to establish the requisite jurisdictional amount in controversy.

Having reviewed Plaintiff's amended complaint and considered the arguments presented, the Court finds that Plaintiff has adequately alleged facts to establish that the jurisdictional amount in controversy exceeds the statutory minimum of $75,000.  In his amended complaint, Plaintiff alleges that Defendant Coast to Coast withheld $10,987.41 from various paychecks, failed to pay him an incentive bonus in the amount of $79,293.97, refused to compensate him for eleven unused sick and vacation days in the amount of $8,043.75, failed to pay him his base salary for November and December 2014 in the amount of $32,500.00, reduced his base salary for March through July 2014 in the amount of $16,666.67, and failed to provide health, dental, and vision benefits.  Together, these total more than $147,491.80.  Thus, facially, the amended complaint adequately alleges the statutory amount in controversy.  However, Defendants contend that Plaintiff's allegations of damages are easily controverted by various documents, which the Defendants have attached to their motion to dismiss.

Among other things, Defendants dispute the amounts alleged in the amended complaint as follows: Defendants argue that wages were validly withheld from Plaintiff's salary to pay Plaintiff's copay for healthcare and to pay for Plaintiff's lease on his home. Defendants contend that Coast to Coast has never paid departing employees their unused sick days. Defendants dispute Plaintiff's claim that Defendant Riner notified him that he was owed an incentive bonus in the amount of $156,906.92.

In support of their motion, Defendants have filed a number of exhibits, including an affidavit of Saul Glosser (Exh. A, ECF No. 14), Coast to Coast's payroll register (Exh. B, ECF No. 14-1), Coast to Coast's health insurance plan information for Plaintiff (Exh. C, ECF No. 14-2), and the lease for Plaintiff's rental home (Exh. D, ECF No. 14-3). The Court has reviewed each of these exhibits. "[I]n a factual attack under Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Electronics Inc. v. United States*, 220 F. 3d 169, 178 (3d Cir. 2000).

However, despite the documents submitted by Defendants, Plaintiff's amended complaint and submitted exhibits withstand Defendants' factual challenge under Rule 12(b)(1). Essentially, Defendants ask the Court to determine the merits of Plaintiff's claims for damages. "The Court's role, however, is not to decide the merits of the case, but to 'weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Sch. Speciality, Inc. v. Ferrentino*, No. 14-cv-4507, 2014 WL 7177324, at *5 (D.N.J. Dec. 16, 2014) (quoting *Mortensen*, 549 F.2d at 891). Indeed, the Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits under 12(b)(6). This

occurs when the arguments raised in connection with the jurisdictional motion involve questions on the merits, such as the truth of the facts alleged in the complaint and their legal sufficiency." *Red Square Corp. v. Novik, Inc.*, No. 07-cv-0498, 2007 WL 2234518, at *1 (W.D. Pa. Aug. 2, 2007) (quoting *Bannister v. Wendy's Int'l, Inc.*, No. 92-cv-7262, 1993 WL 293896, at *4 (E.D. Pa. July 30, 1993) (citing *Growth Horizons, Inc. v. Delaware County*, 983 F. 2d 1277 (3d Cir. 1993); *Kehr Packages, Inc.*, 926 F. 2d at 1408-09; *Boyle v. Governor's Veterans Outreach and Assistance Ctr.*, 925 F. 2d 71, 74 (3d Cir. 1991); *Kulick v. Pocono Downs Racing Ass'n*, 816 F. 2d 895, 897-99 (3d Cir. 1987))).

While Defendants' arguments and documents may call into question the merits of Plaintiff's allegations, Plaintiff has nevertheless met his burden of alleging the requisite amount in controversy at this stage in the litigation. For example, Defendants contend that Coast to Coast validly withheld $1,429.11 from Plaintiff's salary due to "fraudulent use of a company credit card," and that such an amount should be excluded from Plaintiff's damages claim. (ECF No. 19-1 at 11). However, Plaintiff has filed a declaration in which he attests that he never made any fraudulent use of a Coast to Coast credit card, nor did he authorize Coast to Coast to deduct that amount from his pay. (ECF No. 24-1, ¶ 8). Accordingly, based on the allegations in the complaint and upon a review of the exhibits presented by the parties, it cannot be said that Plaintiff is not entitled, to a legal certainty, to recover the $1,429.11 in withheld wages. Instead, there is a factual dispute as to whether Plaintiff is owed that money. This is equally true with respect to the other specific claims for damages that are in dispute, including the other unauthorized

deductions from Plaintiff's paychecks; the unpaid health, dental, and vision benefits; the unpaid sick and vacation days; and the unpaid bonuses.

Indeed, the incentive bonus deficiency claimed by Plaintiff alone is $79,293.97. Defendants dispute this amount. However, Plaintiff alleges the calculation for the bonus amount in his amended complaint. Likewise, Plaintiff attached a copy of the employee contract to his amended complaint that clearly provides for an annual cash incentive bonus, which at a minimum was to be "5% of the Net Profit paid quarterly." (ECF No. 17-1 at 1). And, Plaintiff has produced a document purportedly containing Defendant Riner's calculation of Plaintiff's total bonus to be paid as $156,906.92. While Defendants argue that this number is incorrect, the Court finds that, based on a review of Plaintiff's complaint and the evidence and exhibits in support, it cannot be said to a legal certainty that Plaintiff is not entitled to recover the amount alleged in his complaint.

Plaintiff also contends that, even if Defendants' highly reduced calculation for damages is used, the amount in controversy is still satisfied based on Plaintiff's demand for an award of attorneys' fees. "Attorneys fees, costs, interest and punitive damages are included in the amount in controversy if they are available to successful plaintiffs under a statutory cause of action." *Henderson v. Nationwide Mut. Ins. Co.*, 169 F. Supp. 2d 365, 368 (E.D. Pa. 2001) (citing *Suber v. Chrysler Corp.*, 104 F. 3d 578, 585 (3d Cir. 1997)). Pennsylvania's Wage Payment and Collection Law provides recovery of reasonable attorneys' fees for a successful plaintiff. *See* 43 Pa. Cons. Stat. Ann. § 260.9a(f). Plaintiff argues that an attorneys' fee award of $18,910.93 would easily nudge the Defendant's

calculated damages of $56,089.17 across the $75,000 statutory threshold. The Court agrees.

Accordingly, on the record before the Court, it does not appear to a legal certainty that Plaintiff cannot recover damages in an amount that exceeds the statutory minimum required in a diversity case. To the contrary, Plaintiff has sufficiently alleged damages to satisfy the statutory amount in controversy to invoke this Court's federal diversity jurisdiction.

## V. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff has sufficiently alleged the statutory jurisdictional amount in controversy, and the Court will therefore deny Defendants' motion to dismiss Plaintiff's amended complaint.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LONTA TOWNSEND, | ) | CIVIL ACTION NO. 3:14-267 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| COAST TO COAST CELLULAR, INC., J. WILLIAM RINER, and SAUL GLOSSER, | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 3rd day of August 2015, upon consideration of Defendants' motion to dismiss (ECF No. 19-1) and Plaintiff's response in opposition, and in accordance with the attached memorandum opinion, **IT IS HEREBY ORDERED** that the motion is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE